**UNITED STATES of America,
Appellee,**

v.

**Ronald X. PLEASANT, Appellant.
No. 73–1343.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1973.

Decided Jan. 9, 1974.

James L. Crabtree, Kansas City, Mo., for appellant.

William Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and EISELE, District Judge.*

PER CURIAM.

This case is on appeal from the United States District Court, Western District of Missouri. Defendant was convicted of violating Title 18 Appendix, United States Code, Section 1202(a)(1), which makes it a crime for a convicted felon to possess a firearm moving in or affecting interstate commerce. He appeals on two grounds: first, that the evidence produced at the trial was insufficient, as a matter of law, to show that the firearm was traveling in, or affecting, interstate commerce and, secondly, that the shotgun offered in evidence as the firearm illegally possessed should have been suppressed because it was obtained by an unlawful seizure.

As to the second ground, our opinion in United States v. Pleasant, 469 F.2d 1121 (8th Cir. 1972), disposes of the contention that the seizure was illegal and we will not reconsider that issue further here.

Briefly, the facts are these. Defendant drove in to a filling station in Carl Junction, Missouri. He negotiated for the purchase of two tires and offered a credit card in payment. James Broyles, the owner of the filling station, as was his routine practice in all sales for more than a nominal amount, called a credit card validation service to check the credit card offered. The service informed him that the card had been reported stolen and that he should pick it up. Mr. Broyles informed defendant of his conversation, but defendant refused to surrender the credit card. Broyles drove defendant to the nearest bus station, the Greyhound bus terminal in Joplin, approximately eight miles away. Among defendant's belongings, Broyles saw a shotgun, with a sweater or jacket loosely wrapped around it. Pleasant purchased a ticket to Springfield, Missouri.

He then boarded a bus bound for Springfield. The bus left the Greyhound terminal and stopped next at the Joplin terminal of Continental Trailways Bus Company. There Joplin police investigating the use of the credit card, which had been reported to them by Broyles, removed defendant from the bus and seized his shotgun. Thereafter, he was charged with violating 18 U.S.C. App. § 1202(a)(1), and tried before a jury in the Western District of Missouri, Southwestern Division. He was convicted and sentenced and he appealed.

---

* G. Thomas Eisele, District Judge, Eastern District of Arkansas, sitting by designation.

We reversed his conviction on that appeal.

The basis for our reversal was that there was insufficient evidence that the seized shotgun was "in or affecting" interstate commerce as required by United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). In our opinion we suggested five sorts of proof which had not been offered and which might be used to prove the requisite interstate connection.

At retrial the government called witnesses to show three of the five factors suggested. Their testimony was not challenged. In brief, the testimony established the following facts: (1) the bus defendant boarded had originated in Springfield, Missouri, then proceeded to Tulsa, Oklahoma, and was returning to Springfield; (2) the bus was licensed in more than one state; (3) the bus had traveled between Springfield and Tulsa on Interstate Highway 44; and (4) both the Greyhound and Trailways bus terminals in Joplin served passengers and buses traveling from one state to another. Defendant was convicted and sentenced.

■ The only ground to be considered is whether there was sufficient evidence that the shotgun which defendant had with him when he was removed from the bus in Joplin was "in or affecting" interstate commerce. Defendant first argues that since the shotgun was shown to be moving only within Missouri—from Carl Junction to Joplin to Springfield—it was not sufficiently shown to be traveling in or affecting interstate commerce. We believe this argument rests on an erroneous reading of the Bass case. The Court did not make proof of movement from one state to another the sole method of showing the requisite interstate nexus. It said:

* * * we add a final word about the nexus with interstate commerce that must be shown in individual cases. The Government can obviously meet its burden in a variety of ways. * * * For example, a person "possesses * * * in commerce or affecting commerce" if at the time of the offense the gun was moving interstate or on an interstate facility, or if the possession affects commerce. [404 U.S. at 350, 92 S.Ct. at 524 (our emphasis)].

We believe that the evidence that the bus traveled an interstate route and that the terminals used by the bus served passengers and buses traveling in interstate commerce was sufficient as a basis for the jury to conclude that the bus was an interstate facility. We further believe that the testimony of Mr. Broyles, who drove defendant to the bus station, the bus driver, and the arresting officer that the firearm was visible to them and clearly recognizable as a gun provides sufficient basis for the jury to conclude that the possession of that firearm by the defendant affected the interstate facility.

■ At oral argument, defendant's counsel raised another challenge to his client's conviction: that the proof that the firearm was "in or affecting" interstate commerce was not sufficient to sustain a finding of guilt under the charge given by Judge Hunter, even if it was sufficient under United States v. Bass.

We have examined the instructions, particularly those which define the terms "in or affecting commerce." While Judge Hunter's instructions on this issue may have imposed or suggested a higher burden of proof on the Government than the law requires, this obviously benefited appellant. And it is clear that the evidence was sufficient to sustain a conviction even under the charge as given.

Affirmed.